DA 10-0281

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 26N

KIMBERLY A. LOWRY,

        Petitioner and Appellant,

   v.

DAVID A. LOWRY,

        Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Third Judicial District,<br>In and For the County of Powell, Cause No. DR 07-82<br>Honorable Ray Dayton, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Lori A. Harshbarger, JD Law Firm, Whitehall, Montana

        For Appellee:

            Michael G. Alterowitz, Alterowitz Law Offices, Missoula, Montana

        Submitted on Briefs:  January 12, 2011

        Decided:  February 16, 2011

Filed:

                _____
                      Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited as precedent.

¶2     Kimberly Lowry (Kimberly) appeals from various orders entered by the Third Judicial District Court, Powell County, during dissolution proceedings between Kimberly and David Lowry (David).  We affirm.

¶3     Kimberly raises the following issues on appeal:

¶4     Did the District Court properly grant David's motion in limine?

¶5     Did the District Court abuse its discretion in distributing the marital estate and err in denying Kimberly's motion for a new trial and/or motion to amend its findings of fact, conclusions of law, and order?

¶6     Did the District Court err in requiring each party to pay his or her own attorney's fees?

¶7     Finally, David asks us to consider whether Kimberly's appeal is frivolous.

¶8     David and Kimberly were married in September 2001 and separated in November 2007.  Much of this dispute involves the parties' personal and real property.

¶9     In 1992, David purchased the Snowshoe Ranch located near Avon, Montana.  In 2001, the ranch was worth approximately $1.4 million, subject to a mortgage in the amount of $182,940.86.  David and Kimberly resided on the ranch throughout their marriage.  David closed on the sale of the ranch on October 31, 2007.  One week later, as part of a like-kind exchange, David signed a buy-sell agreement to purchase property located in Idaho known as

2

"Sandy Creek." Kimberly had visited the property with David numerous times over the summer and was present when the buy-sell agreement was signed, although she later denied having knowledge of the purchase.

¶10 Two days after David signed the buy-sell agreement, Kimberly served David with dissolution papers and an economic restraining order. While the restraining order was in effect, David took several actions, including closing on Sandy Creek, selling the parties' herd of cattle, and destroying items of jointly owned property. At trial, Kimberly argued that the above actions, among others, dissipated the marital estate.

¶11 The parties' additional property included Moose Lake Lodge, purchased with a down payment derived from funds David's mother contributed and the sale of David's stock; Barehaven (the down payment came from a second mortgage on the ranch); and, forty acres purchased by David in 2008 (using funds he borrowed from his mother).

¶12 Following a bench trial, the District Court awarded each party property owned individually prior to marriage. The court concluded Kimberly should receive a 25% share of the proceeds from the sale of the ranch and ordered that Sandy Creek should be sold. The court also ordered that Moose Lake Lodge be sold, with David recovering the first $101,000. The court determined Barehaven need not be sold, as long as David paid Kimberly $6,159.50. The court also awarded Kimberly all the items of personal property she requested and half of the value of the items David destroyed.

¶13 This Court reviews a district court's findings of fact in a dissolution proceeding to determine whether they are clearly erroneous. A finding of fact is clearly erroneous if it is

not supported by substantial evidence, the court misapprehended the effect of the evidence, or our review of the record leaves us firmly convinced that the court committed a mistake. *In re Marriage of Crilly*, 2005 MT 311, ¶ 10, 329 Mont. 479, 124 P.3d 1151. Absent clearly erroneous findings of fact, we will affirm a district court's distribution of property unless we determine the court abused its discretion. An abuse of discretion occurs if the court acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice. *Id.*

¶14 We review the grant or denial of the following for an abuse of discretion: motion in limine, *In re Marriage of Nies*, 2003 MT 100, ¶¶ 28-29, 315 Mont. 260, 68 P.3d 697; motion for a new trial and/or to amend judgment, *In re Marriage of Schoenthal*, 2005 MT 24, ¶ 9, 326 Mont. 15, 106 P.3d 1162; and attorney's fees, *In re Marriage of Szafryk*, 2010 MT 90, ¶ 19, 356 Mont. 141, 232 P.3d 361.

**Motion in limine**

¶15 Kimberly argues that the District Court should have allowed her to testify about the abusive nature of her relationship with David in order to describe its impact upon her decisions. The admission of testimony is a discretionary matter for the trial court, and we will not disturb its decision absent an abuse of discretion. *Marriage of Nies*, ¶ 29. The District Court concluded that the purpose of the trial was to distribute the marital estate equitably and that testimony regarding abuse, even if true, was not probative of the value or distribution of the estate.

**Distribution of marital estate—motion for new trial and/or to amend**

¶16     Kimberly asserts the court erred in concluding David did not dissipate the marital estate. She argues a new trial and/or amended findings of fact, conclusions of law, and order is/are warranted because the court failed to consider dissipation. Specifically, Kimberly alleges error in the court's division of the Sandy Creek proceeds; the award to David of the first $101,000 from the sale of Moose Lake Lodge; and, her award of existing personal property still in David's possession.

¶17     In a dissolution proceeding, the district court may apportion the parties' property and marital assets equitably, according to each party's contribution and taking into account multiple factors, including dissipation. Section 40-4-202, MCA. A finding of dissipation must be supported by substantial evidence. *In re Marriage of Stewart*, 232 Mont. 40, 43, 757 P.2d 765, 767 (1988). A new trial may be granted for any reason set forth in Montana statute if the grounds are stated with particularity. M. R. Civ. P. 59(a). An alteration or amendment of a final order is appropriate "to correct manifest errors of law or fact upon which the judgment was based, to raise newly discovered or previously unavailable evidence, to prevent manifest injustice resulting from, among other things, serious misconduct of counsel, or to bring to the court's attention an intervening change in controlling law." *Lee v. USAA Cas. Ins. Co.*, 2001 MT 59, ¶ 75, 304 Mont. 356, 22 P.3d 631. Alteration and amendment are not intended to "give a litigant a second bite at the apple." *Vincent v. BNSF Ry. Co.*, 2010 MT 57, ¶ 24, 355 Mont. 348, 228 P.3d 1123 (citation omitted).

¶18    The District Court concluded that except for the items of personal property that David destroyed, he did not dissipate the marital estate. The court concluded David's purchase of Sandy Creek and other actions involving personal property were reasonable. The court found the evidence did not support Kimberly's theory that David recklessly spent the family fortune, nor did the court find Kimberly's testimony credible. The court denied Kimberly's motion for a new trial and/or to amend on the basis that her legal and factual theories were not substantiated by the evidence.

**Attorney's fees**

¶19    Kimberly argues that because she has been unable to pay her attorney's fees and David has paid his attorney's fees, David must pay her attorney's fees.

¶20    A court may order one party to pay the attorney's fees of another party where such award is based on necessity, competent evidence, and is reasonable. *In re Marriage of Steinbeisser*, 2002 MT 309, ¶ 58, 313 Mont. 74, 60 P.3d 441. The court considers such factors as the requesting party's inability to pay his or her attorney's fees, the other party's ability to pay attorney's fees, and the financial position of each party. *Id.*

¶21    In refusing Kimberly's request for attorney's fees, the court was not moved by Kimberly's recitation of the high costs of attorneys because she had extended the proceedings at every turn. The court found David had borrowed money in order to pay his own attorney's fees and did not have the ability to pay Kimberly's attorney's fees.

**Frivolous appeal**

¶22 David claims that Kimberly's appeal is frivolous because it is merely based upon her disagreement with the court's findings and is not supported by substantial evidence.

¶23 We award sanctions for an appeal that is frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds. M. R. App. P. 19(5); *Cooper v. Glaser*, 2010 MT 55, ¶ 16, 355 Mont. 342, 228 P.3d 443. In determining whether an appeal is frivolous, we assess whether the arguments were made in good faith. *Cooper*, ¶ 16.

¶24 The legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's conclusion. The court's findings are not clearly erroneous, and it did not abuse its discretion in distributing the marital estate. Nor did the court abuse its discretion in granting David's motion in limine, denying Kimberly's motion for a new trial and/or to amend, and denying Kimberly attorney's fees. Finally, although we reject Kimberly's arguments, we conclude that her appeal was not frivolous.

¶25 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER

7